IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| SHENANDOAH LIFE INS. CO., | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. JKB-13-464 |
| WALTER E. HIGHT III *et al.*, | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

This diversity interpleader action was filed by Shenandoah Life Insurance Company ("Shenandoah") on February 12, 2013. (Compl., ECF No. 1.) Shenandoah asks the Court to determine the rightful beneficiary or beneficiaries of a life insurance policy on the life of Sarah O. Hight; the policy was owned by her husband, Walter Hight, Jr. ("Hight Jr."). (Compl. ¶¶ 9, 10-12.) Named as potential claimants were Walter E. Hight III, Kathy Hight Culbertson, Russell A. Hight, and Nancy E. Hight (all children of Sarah O. Hight and Hight Jr., collectively referred to as the "Hight Children" and together with Hight Jr. as the "Hight Defendants"), as well as Marjorie V. Turner. Turner is alleged to be the assignee of the proceeds of the life insurance policy and the Hight Children are alleged to be the policy's beneficiaries. (¶¶ 34-36.) Thus, Shenandoah is asking this Court to determine the truth of these adverse claims.

The Hight Defendants and Turner filed answers to the complaint. (ECF Nos. 6, 18, 27.) Turner's answer was filed *pro se* March 22, 2013, the same day that the Court held a telephonic conference with counsel for Shenandoah, counsel for the Hight Defendants, and a North Carolina attorney who, on Turner's behalf, had attempted to file documents with the Court without being

a member of this Court's bar and without complying with the requirement that all filings in the case were to be accomplished through the Court's electronic filing system, CM/ECF. Nevertheless, the attorney, Mr. Jerry Stainback, had been invited to participate in the conference based on the Court's presumption that he would rectify these deficiencies. (Correspondence, 3/18/2013, ECF No. 11.) To date, he has not done so.

On April 16, 2013, Mr. Stainback sent a letter to Shenandoah's counsel and the Hight Defendants' counsel to notify them that Turner had died. Mr. Stainback attempted to file this with the Court and, in keeping with this Court's policy, the document was returned to him. (ECF No. 25.) However, the Court directed that the letter be docketed as a "Suggestion of Death." (ECF No. 24.) This was done *sua sponte* and not intended to be a "Statement of Death" that meets the requirements of Rules 4 and 25, Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 25(a)(3) ("A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner."); Fed. R. Civ. P. 4. The Court did not direct service of the Suggestion of Death on an essential nonparty, the personal representative of Turner's estate, who is the logical person to be substituted for Turner.

The Hight Defendants now seek to have Turner dismissed from the action because no one timely moved to be substituted for her as a party. However, their argument is hypertechnical and ignores applicable law—indeed the motion cites no applicable case law; moreover, it is not in the interests of justice. For the reasons stated in Shenandoah's motion for extension of time to file a motion for substitution of party (ECF No. 28) and its opposition (ECF No. 34) to the Hight Defendants' motion to dismiss Turner, the following is hereby ORDERED:

1. Shenandoah's motion for extension of time (ECF No. 28) is GRANTED.

2. The Hight Defendants' motion to dismiss Marjorie V. Turner for failure to substitute a party (ECF No. 30) is DENIED.

3. Shenandoah's motion to substitute William D. Turner, Jr., for Marjorie V. Turner (ECF No. 38) and William D. Turner, Jr.'s *pro se* motion for the same (ECF No. 35) are GRANTED.

4. The Clerk shall AMEND the docket to substitute William D. Turner, Jr., for Marjorie V. Turner.

5. The Clerk shall MAIL a copy of this memorandum and order to William D. Turner, Jr.

6. A scheduling order will be separately issued.

DATED this 3rd day of October, 2013.

BY THE COURT:

/s/
James K. Bredar
United States District Judge